UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICOLAS REYES NAMOWICS,
Petitioner,

v.

ARTHUR GUILLEN,
Respondent.

Case No. 26-cv-10850-EKL

**ORDER TO SHOW CAUSE**

Re: Dkt. Nos. 1, 4

Petitioner, a state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted in Santa Clara County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He paid the filing fee on September 23, 2026.

## I. BACKGROUND

On October 28, 2012, at about 2:00 a.m., Petitioner was walking in San Jose, California, with Jose Eduardo Perez and Jose Maria Perez after having attended a Halloween party. Petition ¶ 6. Petitioner noticed Justino Ortiz and Giancarlo Villalobos walking in the same area. *Id.* ¶ 5. Petitioner told Jose Eduardo Perez that he had seen "those fools," apparently referring to an altercation at the Halloween party. *Id.* ¶ 7. Petitioner began yelling at Ortiz and Villalobos "in a taunting manner." *Id.* Petitioner then fired seven shots from a 9mm semiautomatic pistol at Ortiz and Villalobos, missing both but "accidentally striking his companion, Jose Eduardo Perez." *Id.* ¶ 8. Mistakenly believing that Villalobos or Ortiz had shot him, Jose Eduardo Perez began shooting toward Villalobos and Ortiz. *Id.* Ultimately, two shots hit Villalobos, killing him. *Id.*

On March 13, 2024, following a jury trial, Petitioner was convicted of second-degree murder, attempted murder, and a firearms enhancement. Petition ¶ 1. He was sentenced to a prison term of 40 years to life. *Id.* Petitioner timely appealed, and the California Court of Appeal affirmed the conviction. *Id.* ¶ 2. The California Supreme Court denied review. *Id.*

United States District Court
Northern District of California

## II. DISCUSSION

### A. Standard of Review

A district court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Legal Claim

As grounds for federal habeas relief, Petitioner asserts that the trial court committed prejudicial instructional error on count 1 (second degree murder) in violation of Petitioner's Fourteenth Amendment due process rights. Specifically, Petitioner contends that the trial court used an outdated version of the applicable jury instruction (CALCRIM No. 520), and thus incorrectly omitted the "high degree of probability that it would result in death" language from the second element of implied malice. Petition ¶ 10. This claim is sufficient to require a response.

## III. CONCLUSION

1. The Clerk shall serve electronically a copy of this order upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email addresses: SFAWTParalegals@doj.ca.gov and SFAGDocketing@doj.ca.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California.

2. Respondent shall file with the Court and serve on Petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 28 days of his receipt of the answer.

4. In lieu of filing an answer, Respondent may instead file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner must serve and file an opposition or statement of non-opposition within 28 days after the motion is served and filed, and Respondent must serve and file a reply to an opposition within 14 days after Petitioner's opposition is served and filed.

5. In light of this Order, Petitioner's request to set aside the Clerk's standard docket order regarding service is TERMINATED as moot. ECF No. 4.

**IT IS SO ORDERED.**

Dated: November 13, 2026



Eumi K. Lee
United States District Judge

United States District Court
Northern District of California